# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ MCC D.C.

FEB 20 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. -- W.P.B.

**SAMUEL CARL BURGER**

　　Plaintiff,

Vs.

**ALLYSSA MCCLEERY, Individually**

**DBA ANTHEM HOMES, LLC**

　　Defendants.

_____/

Case No _____

Underlying Florida Case No.

502020CA011209XXXXMB

Jury Trial Demanded

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE

(28 U.S.C. & 1332; Diversity of Citizenship)

NOW COMES, Samuel Carl Burger, Pro se asking this honorable court to accept his case pursuant to 28 U.S.C.& 1332 (A)

### JURSIDITION OF THIS COURT

This court has jurisdiction over the instant case pursuant to Diversity jurisdiction 28 U.S.C. & 1332 (A). The amount in controversy exceeds $75,000. The instant case could have been brought in federal court (i.e. there is <u>federal question jurisdiction or diversity jurisdiction)</u> wherefore the Plaintiff may demand that the case be moved, to federal court. <u>28 USC 1441</u>.

The plaintiff Samuel Carl Burger is an individual and is a citizen of the State of Florida.

The defendant Allyssa McCleery is an individual and is a citizen of the State of Ohio.

1

The defendant Anthem Homes, LLC is a Florida registered corporation with its principal place of business in the State of Ohio.

The amount of the controversy is more than $75,000.00 not counting interest and costs of court.

A court exercising diversity jurisdiction is subject to the Erie doctrine, which states that federal courts must follow the substantive law of the state in which they reside. This doctrine limits the ability of plaintiffs and defendants to obtain an advantage through the use/decision not to use diversity jurisdiction. The Erie doctrine takes its name from the seminal case *Erie Railroad Co. v. Tompkins*.

Diversity of citizenship refers to when there is no common state citizenship between the plaintiffs and defendants in a suit. In the instant case, all parties on one side of the controversy are citizens of different states from all parties on the opposing side. When such diversity is present and the amount in controversy requirement is met, plaintiffs may bring their claim(s) originally into federal court rather than state court and defendants may remove suits from state court to federal court.

Diversity of citizenship is a requirement for diversity jurisdiction because the purpose of such jurisdiction is to provide out-of-state litigants with the opportunity to defend themselves in an unbiased court. When a plaintiff and defendant are both citizens of the same state, the threat of bias based on citizenship is assumed to be eliminated.

According to 28 U.S.C § 1332, a corporation is considered to be a citizen of both the state in which it is incorporated and the state where its principal place of business is located. In the instant case defendant Allyssa McCleery is domiciled in the State of Ohio and her business Anthem Homes, LLC is doing business in the State of Ohio.

As to the date of this filing, Anthem Homes, LLC has no business interest in the State of Florida.

2

Federal courts have exclusive jurisdiction in cases involving the claims in the instant case which involve the Constitution, violations of federal laws, and a dispute between parties from different states.

Article III, Section 2 of the United States Constitution creates a series of categories of "cases" or "controversies" to which the judicial power "shall extend." Examples include "all Cases, in Law and Equity," arising under the Constitution, cases "of admiralty and maritime jurisdiction," and controversies in which the parties come from different states ("diversity jurisdiction").

## STATEMENT OF CLAIM

1) On October 16, 2020, the Plaintiffs was hired by the defendant as a handy man to perform remodeling and repairs work at real property located at 517 South J Street, Lake Worth, Florida in Palm Beach County, which was owned by the defendants.

2) The defendant(s) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; and failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

3) The defendant knew but did not inform the Plaintiff that there was a significant rodent problem in the walls of which he was asked to remove and replace.

4) At the beginning of March 2021, the Plaintiff was proceeding with the repairs aforementioned when he came into contact with massive amounts of rodent droppings behind the garage drywall.

5) The plaintiff started feeling ill after exposure to the droppings and was experiencing fatigue, fever, muscle aches, shortness of breath and tightness in his chest. Thinking he had the Flu he went to the JFK Medical Center North Campus for treatment. See attachment A.

6) At the JFK Medical Center, the plaintiff was diagnosed with Hantavirus pulmonary syndrome (HPS). See attachment A.

7) According to the Centers for Disease Control and Prevention (CDC) Hantavirus Pulmonary Syndrome (HPS) is a severe, sometimes fatal,

respiratory disease in humans caused by infection with hantaviruses. Anyone who comes into contact with rodents that carry hantaviruses is at risk of HPS. Rodent infestation in and around the home remains the primary risk for hantavirus exposure. Anyone who comes into contact with rodents that carry hantaviruses is at risk of HPS. Rodent infestation in and around the home remains the primary risk for hantavirus exposure. Even healthy individuals are at risk for HPS infection if exposed to the virus.

8) Defendant Allyssa McCleery knew of the rodent infestation and failed to warn the defendant of its existence and possible health risk so he could take precautions.

9) The defendant Allyssa McCleery was clearly at fault by negligently and intentionally breaching her duties as a property owner which include but are not limited to:

- Inspecting your property for hazards
- Repairing visible defects that could put a worker at risk.
- Warning workers about known risks.
- Disclosing information about health hazards such as mold or asbestos or insect and rodent infestation.

10) A reasonable and prudent homeowner would have cured the hazard or informed the Plaintiff of the risk before welcoming the handyman to the property. The defendant failed to do so and is therefore liable for a resultant accident and victim's injuries.

11) The defendant breached a duty of care and thus the plaintiff can recover damages from the defendant for her negligent acts.

12) Defendant knew, or should have known, that the premises had rodent infestation and did not exercise reasonable care to correct the problem or warn the Plaintiff of the potential dangers.

**WHEREFORE THE ABOVE CONSIDERED, the Plaintiff asks this honorable court to grant him a money judgement against the defendants for compensatory damages in the amount of $150,000.00 for expended current and future medical expenses, mental anguish, pain and suffering, loss of wages, inconvenience, loss of enjoyment of life.**

**Further, to grant the Plaintiff a money judgment for punitive damages in the amount of $500,00.00 and other relief as this court shall deem necessary and prudent.**

**Respectfully submitted,**

*/s/ Samuel C. Burger/*

**Samuel Carl Burger, Pro Se**

**Dated this 15th day of October 2023**

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2023, I mailed first class postage, postage pe-paid a copy of the foregoing COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE to the Defendants Alyssa McCleery DBA Anthem Homes, LLC, through their attorney of record, Lyman S. Bradford IV, PA. 801 Northpoint Parkway, Suite 112, West Palm Beach, FL 33407.

*Samuel Burger*

**Samuel Carl Burger, Pro Se**

PO Box 305 West Palm Beach 33417